UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

MATHEW REHAK,

    Plaintiff,

    v.                                         COMPLAINT
                                                Case Number: 2:22-cv-423

VORTEX LIQUID COLOR, INC.;
ANDY UBHI;
MERCEDES LANDAZURI,

    Defendants.

---

Plaintiff, Mathew Rehak, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson and Nicholas O. Yurk, alleges in this Complaint and shows to the Court as follows:

### NATURE OF THE CASE

1. Plaintiff alleges that Defendants, Vortex Liquid Color, Inc., Andy Ubhi and Mercedes Landazuri, violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] when they discharged him from employment because of his FMLA-protected leave.

### JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims under the FMLA is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, because the Defendant resides in the Eastern District of Wisconsin and the unlawful actions occurred in the Eastern District of Wisconsin.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Plaintiff demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff, Mathew Rehak ("Rehak"), is an adult who resides at 790 Wild Duck Ct., Grafton, WI 53024.

7. Defendant, Vortex Liquid Color, Inc. ("VLC"), is a company incorporated under the laws of the State of Wisconsin, engaged in the manufacture of plastics, with its principal place of business located at 4445 Gateway Dr., Sheboygan, WI 53081.

8. Defendant, Andy Ubhi, is an adult who resides at 18913 Florissant Dr., Northville, MI 48168.

9. Defendant, Mercedes Landazuri, is an adult resident of Illinois.

## OPERATIVE FACTS

10. Rehak began his employment with VLC on January 10, 2016 as the Director of Technology, Product Development, R&D, Quality, and as of 2018 was also acting as Regulatory Affairs Officer.

11. Rehak reported to VLC's owner, Andy Ubhi.

12. Rehak performed his job to the reasonable expectations of VLC.

13. On August 6, 2021, Rehak sustained an injury to his left leg.

14. On August 7, 2021, Rehak went in for an orthopedic evaluation where it was determined that he had ruptured his medial gastrocnemius muscle in his left calf and needed further evaluation in two weeks.

15. Rehak's doctor determined that he would be medically unable to return to work for a minimum of two weeks and provided him with a medical release.

16. On August 8, 2021, Rehak notified Ubhi that his doctor had excused him from work for a minimum of two weeks due to the leg injury.

17. This put Ubhi and VLC on notice that Rehak was taking FMLA leave.

18. On August 9, 2021, while Rehak was on FMLA leave, he received several text messages from staff asking for guidance.

19. On August 10, 2021, Rehak was again contacted several times by his staff asking for help.

20. On August 11, 2021, Rehak informed Ubhi that he would come into the office to help his staff.

21. On August 11, 2021, Ubhi texted Rehak stating, "I am very tired of you."

22. Shortly after Rehak arrived in his office on August 11, 2021, Ubhi said he was sick and tired of him and the monopoly was going to stop.

23. On August 11, 2021, Ubhi and Mercedes Landazuri, Technology Director, asked Rehak to run an injection molding machine.

24. Rehak responded that he had come in only to help out from his desk and could not run the machine due to his leg injury and medical release.

25. Ubhi became angry, told Rehak that he needed to leave and demanded his computer, keys, and passwords.

26. On August 13, 2021, Rehak received an email from Ubhi's attorney stating that his position at Vortex had been "eliminated."

27. VLC employed more than 50 employees during the relevant period through joint-employers of Rehak and was therefore subject to the FMLA.

28. Rehak was entitled to leave under the FMLA.

29. Rehak provided sufficient notice of his intent to take FMLA-qualifying leave.

30. Ubhi and Landazuri had supervisory authority over Rehak and were responsible in whole or part for the violation of Rehak's rights under the FMLA.

31. VLC, Ubhi and Landazuri's willful and bad faith violations of Rehak's rights under the FMLA resulted in the termination of his employment on or about August 13, 2021, causing him to suffer a loss of pay and benefits.

32. VLC made a representation to Rehak (and other employees) that employees were eligible for FMLA benefits by placing posters/flyers informing employees of their rights under the FMLA, and including in the Employee Handbook a section on leave, which includes FMLA leave as a benefit available to employees.

33. VLC allowed employees other than Rehak to take FMLA leave.

34. Rehak reasonably relied upon VLC's representations when he asked for FMLA leave.

35. Rehak reasonably relied upon VLC's representations to the detriment of himself when Ubhi responded with anger about exercising his FMLA rights and immediately terminated his employment.

36. VLC is estopped from claiming that it is not subject to the FMLA.

## FIRST CLAIM FOR RELIEF
## FAMILY AND MEDICAL LEAVE ACT
## RETALIATION § 2615(a)(2)

37. As and for a first claim for relief, Rehak re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

38. Defendants violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse actions of terminating the Plaintiff because of his activities protected by the FMLA.

39. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants, were not made with good faith or reasonable grounds for believing that the conduct did not violate the FMLA.

40. The allegations more particularly described above caused Rehak wage loss, benefits loss, and expenses, all to his damage.

## SECOND CLAIM FOR RELIEF
## FAMILY AND MEDICAL LEAVE ACT
## INTERFERENCE § 2615(A)(1)

41. As and for a second claim for relief, Rehak re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

42. Defendants deprived Rehak of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, VLC was covered by the FMLA, Rehak was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA-qualifying leave, and Defendants denied him FMLA benefits to which he was entitled.

43. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants, were not made with good faith or reasonable grounds for believing that the conduct did not violate the FMLA.

44. The allegations more particularly described above caused Rehak wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE Plaintiff demands relief as follows:

A. Judgment against the above-named Defendants awarding Plaintiff damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violations;

B. judgment against the above-named Defendants awarding Plaintiff compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses;

C. judgment against the above-named Defendants awarding Plaintiff reinstatement and/or damages for monetary losses and expenses;

D. judgment against the above-named Defendants awarding Plaintiff costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees;

E. judgment against the above-named Defendant awarding Plaintiff an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

F. such other relief as the Court deems just and equitable.

Dated this 5th day of April, 2022.

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.

New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
Email: NYurk@Employee-Advocates.com